UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JOHN DOE,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>GUESS, INC. GUESS? RETAIL, INC.,<br>and GUESS FACTORY,<br>　　　　　　Defendants. | :<br>:<br>:<br>:　　No. 5:20-cv-4545<br>:<br>:<br>:<br>:<br>: |

_____

**O P I N I O N**

**Plaintiff's Motion to Proceed Anonymously, ECF No. 2—DENIED**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　**October 6, 2020**
**United States District Judge**

**I.　　INTRODUCTION**

　　This is an employment discrimination action in which Plaintiff alleges that he was subjected to a hostile work environment, discrimination, and eventual termination from his position as an assistant manager of a retail store on account of his sexual orientation. *See generally* Plaintiff's Complaint ("Compl.") [ECF No. 1]. Before the Court is Plaintiff's motion for leave to prosecute his lawsuit anonymously under the pseudonym "John Doe," rather than under his true name. *See* Plaintiff's Motion to Proceed Anonymously ("Pl.'s Mot.") [ECF No. 2]. Although the Defendants have not responded to Plaintiff's motion, and despite the absence of any indication that Plaintiff's counsel has conferred with Defendants' counsel regarding the motion as is required by this Court's Initial Procedural Order, *see* ECF No. 3, the facts as alleged do not satisfy the requisite standard to permit Plaintiff to proceed anonymously. For this reason, and as more fully explained below, Plaintiff's motion is denied.

II.     **FACTS ALLEGED IN THE COMPLAINT**

Below is a summary of the allegations contained in Plaintiff's Complaint, which allegations the Court accepts as true for purposes of his motion to proceed anonymously.

Plaintiff is an openly gay male. Compl. ¶ 4. Plaintiff began employment with Defendants, Guess, Inc., Guess? Retail, Inc., and, Guess Factory (collectively, "Guess, Inc." or "Defendants"), in or around July 2017, as a Sales Associate. *Id.* ¶ 5. He states he had extensive retail and sales experience and was qualified for his job. *Id.* In December 2018, Plaintiff was promoted to a full-time Assistant Store Manager position at the Guess, Inc. store in The Outlets at Sands in Bethlehem, Pennsylvania. *Id.* ¶ 6. Shortly after starting at the store, Plaintiff states he "began to suffer ostracism, aversion, and isolation from the other male employees on account of [ ] being openly gay." *Id.* ¶ 7. In particular, Plaintiff states his "male subordinate employees turned the complete opposite direction or intentionally ignored [him], acting as if they were completely disgusted with [him], hated [him], and never wanted to be associated with, let alone supervised by, a man known to be gay." *Id.* ¶ 8. Plaintiff states that he "reported the misconduct" of one disrespectful and insubordinate male employee in particular "to another Assistant Store Manager, and when there was no response, to the Store Manager herself, who also provided no adequate response." *Id.* He claims he "experienced further discrimination, harassment, and retaliation, as a result." *Id.*

According to the Complaint, the particular employee referenced above, "who hated [Plaintiff] on account of the fact [he] was gay, harassed and discriminated against [him], then set [him] up for wrongful termination by falsely accusing [him] of sexual misconduct by digitally penetrating or 'fingering' the male employee in the anus." Compl. ¶ 9. This allegation was ostensibly the reason for Plaintiff's suspension on January 21, 2019, and his eventual termination

on January 28, 2019.  *Id*. ¶ 26.  Plaintiff states this accusation was untrue, and "in and of itself, is a form of sexual harassment, and constitutes rank discrimination."  *Id*. ¶ 9.  "Afterward, [Plaintiff] followed up and specifically denied the false accusation.  Defendants then shifted the reasoning and stated to [Plaintiff] that [he] was terminated for allegedly 'breaking company policy,' which [he] denies."  *Id*. ¶ 10.  Despite following up with the representative for the HR department multiple times and asking for clear or specific reasoning for his termination, Plaintiff states Defendants did not provide any further response.  *Id*. ¶ 11.

### III.   DISCUSSION

#### A.   Legal principles

Under the Federal Rules of Civil Procedure, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."  FED. R. CIV. P. 10(a).  "Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'"  *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997)).  The right of the public to know who is using its courts mandates that parties to litigation be identified.  *See Megless*, 654 F.3d at 408.  This right, as codified in Rule 10(a), is deeply rooted in common law and predates even the Constitution.  *N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 434 (3d Cir. 2016); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986).

"A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'"  *Megless*, 654 F.3d at 408 (quoting *Does I Thru XXIII v. Advanced*

*Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000)).  However, in exceptional cases, courts have allowed litigants to proceed anonymously, even though there is no such authority in Rule 10(a).  *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008) ("We acknowledge that the use of pseudonyms to conceal a plaintiff's identity has no explicit sanction in the federal rules.  Nonetheless, the Supreme Court has given the practice implicit recognition in two abortion cases, *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and *Doe v. Bolton,* 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973).  Although we have yet to address the issue, the decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court."), *order clarified*, 543 F.3d 178 (3d Cir. 2008).

In order to proceed anonymously and deprive the public of its right of knowledge, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'"  *Megless*, 654 F.3d at 408 (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1043 (9th Cir. 2010)).  It is not enough that a plaintiff may suffer embarrassment or economic harm.  *Megless*, 654 F.3d at 408.  In this Circuit, courts' analyses of motions to proceed anonymously examine the following non-exhaustive factors, which weigh in favor of anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Doe v. Provident Life and Acc. Ins. Co.,* 176 F.R.D. 464, 467-68 (E.D. Pa. 1997); *see Megless*, 654 F.3d at 409.  On the other hand, the following non-exhaustive factors disfavor anonymity:

>(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Provident Life and Acc. Ins. Co.,* 176 F.R.D. at 467-68; *see Megless*, 654 F.3d at 409.

Importantly, district courts have an independent duty to determine whether these conditions are satisfied; that is, "whether 'exceptional circumstances' warrant a departure from the normal method of proceeding' in federal litigation." *Freedom from Religion Found., Inc. v. New Kensington-Arnold Sch. Dist.*, No. 2:12-CV-1319, 2012 WL 6629643, at *3 (W.D. Pa. Dec. 19, 2012) (quoting *Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004)).

**B.     Application to Plaintiff's case**

The Court finds that based upon the alleged facts in this case, and in light of the factors set forth in *Megless* and *Provident Life and Acc. Ins. Co.*, Plaintiff has failed to satisfied his burden of showing both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable. *Megless*, 654 F.3d at 408. As such, he is not entitled to the extraordinary relief of being permitted to proceed in this action anonymously.

With regard to the first of the six factors identified above—the extent to which the identity of the litigant has been kept confidential—it is significant both that Plaintiff identifies as "an openly gay male," Compl. ¶ 4, and that there is no allegation that Plaintiff has kept his sexual orientation a secret or otherwise shared it with only a small circle of people, *see Doe v. Univ. of Scranton*, No. 3:19-CV-1486, 2020 WL 1244368, at *2 (M.D. Pa. Mar. 16, 2020) (finding this factor favored anonymity where "the plaintiff has not revealed his sexual orientation to anyone other than his close friends, counsel, past partners, medical providers, counselors, the defendant, the Pennsylvania Human Relations Commission, the Scranton Human Relations Commission,

and family members"); *Doe v. Main Line Hosps., Inc.*, No. CV 20-2637, 2020 WL 5210994, at *3 (E.D. Pa. Sept. 1, 2020) ("[I]t is significant that Doe does not represent anywhere in her moving papers or complaint that she has only shared her drug addiction history with a small circle of people, nor does she give us any indication as to how many people, or even what categories of people, she has informed."). Additionally, Plaintiff's counsel "acknowledge[s] that Plaintiff filed administrative complaints using his name which is required to exhaust administrative remedies." Pl.'s Mot. at 9. For these reasons, the Court finds this factor weighs against anonymity.[1]

The second factor also weighs against anonymity. As Plaintiff is openly gay, it is not plausible to infer that he fears disclosure of his identity based on the potential for reputational or social harm as a result of his sexual orientation.[2] Moreover, although Plaintiff claims he was discriminated against and wrongfully terminated, there are no plausible allegations of a risk of physical violence, public harassment, or any similar mistreatment as a result of disclosure of Plaintiff's identity. Indeed, counsel's arguments appear to be exclusively based on "statistical" and "anecdotal" evidence regarding violence based on sexual orientation and sexual identity at large. *See, e.g.*, Pl.'s Mot. at 3. ("Due to the anecdotal evidence of discrimination, harassment, and retaliation that Plaintiff alleged in the Complaint, and statistics which confirm that violence against LGBT people, in particular gay men, transgender women, and people who are gender non-conforming, has been on the rise, both nationally and in this region, the Plaintiff legitimately

---

[1]   Plaintiff's counsel appears to concede that this factor weighs against his arguments for anonymity. *See* Pl.'s Mot. at 8 ("Confidentiality, or the degree to which a litigant has kept a certain matter confidential, is only one factor in the list of non-exhaustive *Megless* factors.").
[2]   *Cf. Smith v. U.S. Office of Personnel Mgmt.*, Civil Action No. 2:13-cv-5235, 2014 WL 12768838, at *2 (E.D. Pa. Jan. 21, 2014) ("Plaintiff reasonably fears embarrassment to himself and his family if his identity is disclosed because of the societal stigma associated with addiction.").

fears further violence or retribution against him if his name and address are revealed in this lawsuit."); *id*. at 10 ("Generally speaking, statistics confirm that violence against LGBTQ+ people is on the rise currently."); *id*. at 11 ("Plaintiff has a fear of severe harm that is reasonable in part due to anecdotal evidence of the discriminatory conduct to which Plaintiff was subjected at work, as well as statistical evidence of discrimination and retaliation against people who are LGBTQ+ both nationally and in this region. More specifically, Plaintiff alleges instances of discrimination, harassment, and retaliation in the Complaint, on account of his sexual orientation, which form the gravamen of the Complaint against Defendant."). What is missing here is any plausible connection of the risk of violence or similar consequence to *this* Plaintiff based on *these* allegations. Without any such connection, this factor disfavors anonymity.

As to the third factor, the Court must ask "if this litigant is forced to reveal [ ] h[is] name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?" *Meglass*, 654 F.3d at 410. Plaintiff's counsel has not put forward any plausible argument that disclosure of Plaintiff's identity will dissuade future litigants from bringing claims for employment discrimination based on sexual orientation. Moreover, in light of the changing public perceptions surrounding issues of sexual orientation and sexual identity, the Court cannot say that this factor favors anonymity. The Court, in its discretion, treats this factor as neutral.

The Court finds the fourth factor— whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities— weighs against anonymity. Specifically, the issues in this action—discrimination and wrongful termination based on Plaintiff's sexual orientation—are not "purely legal" in nature; to the contrary, Plaintiff's claims are inherently fact-intensive. *See Main Line Hosps., Inc*., 2020 WL

5210994, at *4 ("[H]ere, Doe is not merely challenging the legality of a policy or practice. Rather, she claims that Defendants discriminated against her by unlawfully disciplining her . . . and wrongly terminating her after said investigation. Doe's assertions that she was discriminated against are inherently fact-specific.").

Regarding the fifth factor, which concerns whether Plaintiff would continue to pursue his claims if forced to disclose his identity, Plaintiff's motion does not represent that he would decline to pursue his suit if forced to disclose his identity.  Because the answer to this question is not clear, the Court will treat this factor as neutral.

Finally, as to the sixth factor—whether the party seeking to sue pseudonymously has illegitimate ulterior motives—there is no indication that Plaintiff has commenced this action and continues to prosecute it for any ulterior motives or in bad faith.  The Court therefore finds this factor weighs in favor of anonymity.[3]

## IV.     CONCLUSION

"A plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings."  *Megless*, 654 F.3d at 408 (quotation marks omitted).  As such, "exceptional circumstances" are required "to override the strong presumption of public access to judicial proceedings." *Main Line Hosps., Inc.*, 2020 WL 5210994, at *1.  With these principles in mind, and in consideration of the above analysis, the Court finds that Plaintiff has failed to

---

[3]     With respect to the three non-exhaustive factors that weigh against anonymity—(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of the litigation, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated—the Court finds that they mirror the analysis of the six previously discussed factors generally.  As such, they weigh in favor of anonymity on the whole.

sustain his burden to proceed in this suit anonymously. For this reason, Plaintiff's motion to proceed anonymously under the pseudonym "John Doe" is denied.

A separate Order follows this Opinion.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge