IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN BENEDICT,<br><br>    Plaintiff,<br><br>vs.<br><br>GUESS, INC.; GUESS? RETAIL, INC.; and GUESS FACTORY,<br><br>    Defendants. | CIVIL ACTION NO.: 5:20-cv-04545-JFL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

Defendants Guess, Inc., Guess? Retail, Inc., and Guess Factory, ("Defendants"), by and through their undersigned counsel, file this Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint. Bryan Benedict ("Plaintiff") agreed to arbitrate claims of the nature set forth in the Complaint, Dkt. No. 9, with Guess?, Inc. and its subsidiary and affiliated companies on July 26, 2017. Accordingly, Plaintiff's Complaint should be dismissed with prejudice and Plaintiff should be compelled to arbitrate his claims.

**I.  RELEVANT FACTS**

 **A. The Complaint**

Plaintiff alleges that he began employment with Defendants in or around July 2017 as a sales associate. Dkt. No. 9, ¶ 5. He alleges that while working at the Guess, Inc. store in Bethlehem, Pennsylvania, he suffered aversion and isolation from other male employees on account of Plaintiff being openly gay. Dkt. No. 9, ¶ 7. Plaintiff allegedly complained of misconduct by his subordinate employees, and experienced discrimination, harassment, and retaliation as a result. Dkt. No. 9, ¶ 8.

Because Plaintiff was gay, he alleges that he was harassed, discriminated against, and then set up for wrongful termination by being falsely accused of sexual misconduct – Plaintiff was allegedly accused of "fingering" a male employee in the anus. Dkt. No. 9, ¶ 9.

Plaintiff has asserted claims for: (1) harassment and hostile work environment based on sexual orientation or sex, wrongful termination based on sexual orientation or sex, and retaliation based on Title VII of the Civil Rights Act of 1964; (2) parallel claims under the Pennsylvania Human Relations Act, and; (3) parallel claims under the City of Bethlehem Human Relations and Non-Discrimination Ordinance. Dkt. No. 9, ¶¶ 26-73.

## B. The Arbitration Agreement

Aligning with Plaintiff's allegation that he began employment in July 2017, he signed an Agreement to Arbitrate on July 26, 2017. *See* Agreement to Arbitrate ("Agreement") attached hereto as Exhibit "A". The Agreement is by and between Plaintiff and "Guess?, Inc., and it's [sic] subsidiary and affiliated companies…agents, employees…successors and assigns…" (the "Parties"). *See* Exhibit "A", ¶ 1. The Parties agree that, unless specified otherwise, "the Federal Arbitration Act ("FAA") shall govern all proceedings arising out of or relating to this Agreement." Exhibit "A', ¶ 2. The Agreement specifically encompasses any disputes arising out of termination of the employment relationship and claims for discrimination, retaliation, or harassment, based on sex:

> For purposes of this Agreement, the term "Disputes" means and includes any claim or action arising out of or in any way related to: (a) any contract of employment between the parties; or (b) the termination of the employment relationship between the parties; or (c) any allegation of unlawful discrimination, retaliation or harassment. The potential Disputes, which the parties agree to arbitrate, pursuant to this Agreement, include but are not limited to:
>
> - Claims for wages or other compensation due;
> - Claims for breach of any employment contract or covenant (express or implied);
> - Claims for unlawful discrimination, retaliation or harassment (including, but not limited to, claims based on race, sex, religion, national origin, age, marital status, or medical condition, handicap or disability);
> - Claims for employment benefits (except where an associate benefit or pension plan contains a claims procedure which expressly provides for a final and binding arbitration procedure different from this one);
> - Disputes arising out of or relating to the termination of the employment relationship between the parties, whether based on common law or statute, including claims based on violation of any federal, state or other governmental law, statute, regulation, or ordinance.

The Agreement holds that any arbitration proceeding under the Agreement will be conducted before a single neutral arbitrator and shall be conducted in accordance with the JAMS Employment Arbitration Rules. The Agreement further states that proceedings shall be consistent with the Federal Rules of Civil Procedure as to discovery, depositions, interrogatories, document production, or otherwise. The Agreement authorizes the arbitrator to award all relief available under the applicable laws as if the matter had been heard in court.

## II.     LEGAL STANDARD

The Third Circuit has clarified that "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.' But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013). The "complaint" for purposes of *Guidotti* has been held to be the complaint itself, as well as a motion to dismiss the complaint with an applicable arbitration

agreement attached thereto. *See Golden Gate Nat. Sr. Care, LLC v. Sulpizio*, No. 1:15-CV-00174, 2015 WL 4878348, at *3 (M.D. Pa. Aug. 14, 2015).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court looks to whether, under any plausible reading of the pleadings, the plaintiff would be entitled to relief. *Guidotti*, 716 F.3d at 772 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**III.     ARGUMENT**

Plaintiff should be compelled to arbitrate the claims set forth in the Complaint pursuant to the Agreement to Arbitrate. The question of arbitrability is governed by the Federal Arbitration Act ("FAA"). *See Khan v. Dell Inc.*, 669 F.3d 350, 354 (3d Cir. 2012) (internal citation omitted). The FAA indicates a "strong federal policy in favor of resolving disputes through arbitration." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 522 (3d Cir. 2009). Arbitration, however, "is a matter of contract between the parties" and "a judicial mandate to arbitrate must be predicated upon the parties' consent." *Guidotti*, 716 F.3d at 771 (internal citation and quotation omitted). "[I]n deciding whether a party may be compelled to arbitrate under the FAA, we first consider '(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement.'" *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014).

Here, these considerations at straightforward. There is a valid agreement to arbitrate attached hereto as Exhibit "A". It was digitally signed by Plaintiff on July 26, 2017 and sets forth the agreement to arbitrate claims with Guess?, Inc. and it's [sic] subsidiary and affiliated companies – the Defendants in this matter. The Agreement contains valid consideration – "The promises of the parties herein to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for each other." The Court may also take notice that the signing

of the Agreement by Plaintiff on July 26, 2017 coincides with Plaintiff's allegation in the Complaint that he began employment with Defendants in or around July 2017.

The merits-based dispute set forth in the Complaint is within the scope of the Agreement. Plaintiff has agreed to arbitrate disputes arising out of, or in any way related to, the termination of the employment relationship or any allegation of unlawful discrimination, retaliation, or harassment – including claims involving discrimination, retaliation, or harassment based on sex[1] under federal, state, or other government law, statute, regulation, or ordinance. This clearly encompasses Plaintiff's claims under Title VII, the Pennsylvania Human Relations Act, and the City of Bethlehem Human Relations and Non-Discrimination Ordinance.

## IV. CONCLUSION

Based on the foregoing, Defendants request that the Complaint be dismissed with prejudice and that Plaintiff be compelled to bring the claims set forth in the Complaint in JAMS arbitration proceedings.

Respectfully submitted,

**JACKSON LEWIS P.C.**

/s/ *John M. Nolan III*
John M. Nolan III (PA #317001)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802
F: (215) 399-2249
J.Michael.Nolan@jacksonlewis.com

Dated: November 16, 2020

*Attorneys for Defendants*

---

[1] As a matter of law, "discrimination based on sex" is inclusive of discrimination based on sexual orientation. *See Bostock v. Clayton County, Georgia*, No. 17-1618, --- S. Ct. ---, 2020 WL 3146686 (U.S. June 15, 2020).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Motion to Dismiss the Complaint was served through the Court's ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

|  |  |
|---|---|
|  | **JACKSON LEWIS P.C.** |
|  | /s/ *John M. Nolan III* |
|  | John M. Nolan III (PA #317001) |
|  | Three Parkway |
|  | 1601 Cherry Street, Suite 1350 |
|  | Philadelphia, PA  19102 |
|  | T: (267) 319-7802 |
|  | F: (215) 399-2249 |
|  | J.Michael.Nolan@jacksonlewis.com |
| Dated: November 16, 2020 | *Attorneys for Defendants* |